Affirmed and Memorandum Opinion filed August 25, 2005









Affirmed and Memorandum Opinion filed August 25, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00143-CR

 

______________________

 

WILLIE CLEVEN
TOTTENHAM,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 184th
District Court

Harris County, Texas

Trial Court Cause No. 910,273

 



 

MEMORANDUM   OPINION

Appellant, Willie Cleven Tottenham, was
charged by indictment with aggravated assault of a police officer.  See Tex.
Pen. Code Ann. ' 22.02 (Vernon Supp. 2004B05).  Appellant pled Anot guilty,@ but after
considering the evidence, a jury convicted appellant as charged.  The court then found two felony enhancement
paragraphs true and assessed appellant=s punishment
at  sixty years= imprisonment in
the Texas Department of Criminal Justice, Institutional Division.  In two points of error, appellant contends
the evidence was legally and factually insufficient to sustain his conviction.








The record reflects that on the night of
April 27, 2002, Officer Mario Gehret of the Missouri City Police Department
observed appellant make an illegal U-turn. 
Gehret proceeded to make a routine traffic stop, but upon talking with
appellant, smelled alcohol on appellant=s breath and
observed an open container of beer on the vehicle=s center
console.  Concerned that appellant was
intoxicated, Gehret asked appellant to step out of the vehicle and requested
his permission to search the car. 
Appellant consented to the search. 
As a precursor to performing the vehicle search, Gehret asked appellant
to place his hands on top of the car so that a Apat down@ could be
conducted for safety purposes.  Appellant
again complied with Gehret=s request.  

During the frisk, Gehret felt what he
believed was a pistol in appellant=s overall bib
pocket.  To ensure his safety, Gehret
placed his hand on the outside of appellant=s pocketCover the pistolCand attempted to
peer inside the pocket to verify that it was, in fact, a firearm.  When Gehret attempted to retrieve the object,
appellant moved his hand from the car to his chest and placed it on top of
Gehret=s hand.  Fearing for his safety, Gehret wrestled
appellant to the ground.  Despite Gehret=s efforts to
maintain control over appellant and the weapon, appellant allegedly removed the
pistol from his pocket and began to stand up. 
Gehret, who was still on the ground, then pulled his service pistol and
fired two shotsCone of which struck appellant in the
thigh.  Gehret then ran for cover behind
his patrol car and called for back up. 
At some point during the confrontation, appellant allegedly threw the
pistol into a nearby field.  Additional
officers arrived on the scene, and Gehret was able to restrain and handcuff
appellant.  Appellant was then
transported to the hospital for treatment of the gunshot wound.  Meanwhile, investigators found a Bersa .380
on the ground near the passenger side of appellant=s vehicle.  Appellant was subsequently charged with
aggravated assault.








In two points of error, appellant argues
the evidence is legally and factually insufficient to sustain his
conviction.  Specifically, appellant
contends the evidence fails to prove that he used or exhibited a firearm during
the commission of the assault.  He also
suggests that he never possessed a firearm during the assault and further
claims that nothing affirmatively links him to the Bersa pistol that was
recovered at the scene.  Accordingly,
appellant claims the State failed to prove beyond a reasonable doubt that he
committed aggravated assault.

In evaluating a legal sufficiency challenge, we view the
evidence in the light most favorable to the verdict and determine whether a
rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319 n.12 (1979); Garrett v. State, 851
S.W.2d 853, 857 (Tex. Crim. App. 1993). 
We will not overturn the verdict unless it is irrational or unsupported
by proof beyond a reasonable doubt.  Matson
v. State, 819 S.W.2d 839, 846 ( Tex. Crim. App. 1991).  Therefore, if any rational trier‑of‑fact
could have found the essential elements of the crime beyond a reasonable doubt,
we must affirm.  McDuff v. State,
939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

When
reviewing claims of factual insufficiency, it is our duty to examine the fact‑
finder=s weighing of the evidence.  Clewis v State, 922 S.W.2d 126, 133B34 (Tex. Crim. App. 1996).  Thus, the question presented in a factual
sufficiency review is, AConsidering all of the evidence in a neutral light, was a
jury rationally justified in finding guilt beyond a reasonable doubt?@ 
Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).  There are two ways in which the evidence may
be insufficient:

First,
when considered by itself, evidence supporting the verdict may be too weak to
support the finding of guilt beyond a reasonable doubt. Second, there may be
both evidence supporting the verdict and evidence contrary to the verdict.
Weighing all the evidence under this balancing scale, the contrary evidence may
be strong enough that the beyond‑a‑reasonable‑doubt standard
could not have been met, so the guilty verdict should not stand. This standard
acknowledges that evidence of guilt can Apreponderate@ in favor of conviction but still be
insufficient to prove the elements of the crime beyond a reasonable doubt.
Stated another way, evidence supporting guilt can Aoutweigh@ the contrary proof and still be
factually insufficient under a beyond‑a‑reasonable‑doubt
standard.

Id. at 484B85.








To secure a conviction for assault, the
State must prove the defendant intentionally or knowingly threatened another
person with imminent bodily harm; or intentionally or knowingly caused an
offensive contact with another.  See Tex. Pen. Code Ann ' 22.01(a)(2)B(3) (Vernon Supp.
2004B05).  However, aggravated assault requires
proof of an additional element.  For
aggravated assault, the State must prove beyond a reasonable doubt the
defendant used or exhibited a deadly weapon during the commission of the
assault.  See id. ' 22.02(a)(2).

Appellant contends that the evidence fails
to prove he either used or exhibited a deadly weapon.  He also argues that the State failed to prove
he even had a pistol during the scuffle. 
Instead, he suggests that he merely had a cellular phone in his pocket
and that the pistol found near his vehicle was not linked to him in any
way.  

To support his contentions, appellant
first cites McCain v. State, 22 S.W.3d 497 (Tex. Crim. App. 2000).  In McCain, the defendant was found
guilty of aggravated robbery despite having never Atouched,
brandished, referred to, or overtly displayed@ a butcher knife
he had in his back pocket.  Id. at
499.  In affirming the conviction, the
Court of Criminal Appeals  noted that if
the knife were completely concealed during the assault, then additional facts
would be needed to prove the knife was Aused or exhibited.@  Id. at 503.  However, the court explained that because the
knife was exposed during the assault in such a way that it instilled Aapprehension@ in the
complainant, the evidence was sufficient to sustain the conviction.  Id. at 503B04.  

Here, appellant argues that he never
removed a pistol from his pocket or otherwise exposed a pistol in any manner
during the alleged assault.  Instead,
appellant suggests that Gehret knew there was a pistol only because Gehret
himself reached into and peered into appellant=s pockets.  Appellant also directs our attention to the
testimony of two eyewitnesses who corroborated his claim that he never
displayed a pistol during the incident. 
Accordingly, appellant contends McCain is distinguishable and
argues that he never Aused or exhibited@ a pistol in this
case as is defined by the law.








To the contrary, Gehret testified at trial
that, after he wrestled appellant to the ground, appellant exposed the
pistol.  Gehret explained that appellant
removed the pistol from his overall pocket as he was trying to stand up.  Gehret explicitly stated that he saw the
pistol in appellant=s hand. 
In fact, Gehret said he shot appellant only because appellant was
preparing to shoot him.  To rebut
appellant=s eyewitness testimony, the State also
produced an eyewitness who testified that he saw appellant with a pistol in his
hand when Gehret was on the ground. 
Because of the discrepancies in the evidence, the jury was entitled to
judge the credibility of the witnesses and to believe or disbelieve all or any
part of any witness=s testimony.  See, e.g., Westbrook v. State,
29 S.W.3d 103, 111 (Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d
404, 410 (Tex. Crim. App. 1997); Saxton v. State, 804 S.W.2d 910, 914
(Tex. Crim. App. 1991).  Apparently, the
jury believed Gehret=s testimony and the State=s evidence and
found appellant=s evidence less credible.  Nothing in the record suggests this belief
was irrational or unsupported by proof beyond a reasonable doubt.

Appellant next suggests that he never
possessed a pistol during the assault. 
In his brief, appellant states A[t]he hard object
detected by Officer Gehret could have very well been Appellant=s cell phone.@  To support this contention, appellant directs
us to testimony that he always carried his cell phone with him and that the
phone was often in his overall pocket. 
He also notes that a cell phone was retrieved from among his personal
effects confiscated by police.  However,
contrary to appellant=s assertion, Gehret testified that he was
90 percent certain the object he observed in appellant=s pocket was a
pistol.  Furthermore, Gehret explained
that, at some point during the incident, he believed he saw appellant toss the
pistol into a nearby field.  In fact,
shortly after appellant was taken to the hospital, investigators found a Bersa
.380 lying near the passenger side of appellant=s vehicleCwell within
throwing distance.  Again, the jury heard
appellant=s version of the facts, as well as the
State=s, and resolved
this discrepancy in favor of the State.  See,
e.g., Westbrook, 29 S.W.3d at 111 Cain, 958 S.W.2d at 410;
Saxton, 804 S.W.2d at 914.  We cannot
say, based on our own review of the record, that the jury=s determination
was either irrational or unsupported by the evidence.








Finally, appellant contends the evidence
is insufficient to link him to the pistol found at the scene.  Specifically, he argues that no fingerprint
or other evidence affirmatively proves he owned or possessed the pistol.  However, when a pistol is found on a
defendant=s person and is in his exclusive control,
as was the case here, evidence affirmatively linking him to the pistol is not
required.  See Davis v. State, 93
S.W.3d 664, 667 (Tex. App.CTexarkana 2002,
pet. ref=d) (explaining
that direct or circumstantial evidence can sustain weapons-possession
charges).  Therefore, because appellant
was found in possession of and in exclusive control of a pistol, the evidence
is sufficient to support the jury=s verdict despite
appellant=s having cast the pistol aside at some
point during the assault.[1]

Based on a thorough review of the
evidence, both in favor of the verdict and in a Aneutral light,@ we conclude that
any rational jury could have found that appellant used or exhibited a pistol
during the assault.  Furthermore, we find
that the State=s evidence amply supports the conviction
despite appellant=s contrary evidence.  As such, we overrule appellant=s two points of
error.

The judgment of the trial court is
affirmed.

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

Judgment
rendered and Memorandum Opinion filed August 25, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  Appellant also
implies, based on medical records and physician testimony regarding his gunshot
wound, that he was sitting or laying on the ground rather than standing as
Gehret explained.  He argues that this
evidence undermines Gehret=s credibility and sheds doubt on the jury=s conclusions. 
However, our own review of the medical evidence suggests that this
argument is largely exaggerated.  In
fact, we believe the medical records substantiate Gehret=s interpretation of the incident, including the fact
that appellant was Auncooperative@ and Avery intoxicated.@